BLUE, Judge.
Carmen L. Cruz^Sanchez appeals her convictions for delivery of cocaine and possession of cocaine, in violation of sections 893.13(l)(a) and (6)(a), Florida Statutes (Supp.1998). We agree with her argument on appeal that the trial court erred by restricting cross-examination of the State’s key witness. Accordingly, we reverse on .that ground.
*53 Two special agents conducted undercover operations at an after-hours bottle club from December 1998 until March 1999. Only one agent testified at trial and positively identified Cruz-Sanchez as the person who sold cocaine to the agents. This transaction was one of three transactions by the agents on January 9. Cruz-Sanchez was not arrested until several months later. The agents’ report was written at the time of arrest.
The State elicited testimony from the agent regarding the duration of the undercover operation and two other transactions that occurred on January 9. On cross-exam, the defense attempted to elicit testimony regarding the total number of drug transactions made by the agents during the course of the operation. The trial court sustained the State’s objection on relevancy grounds, despite the defense arguments that the State had opened the door and that the evidence was relevant to the issue of identity. The defense theory at trial was misidentification.
Cruz-Sanchez argues on appeal that the trial court erred in precluding cross-examination of the State’s key witness. We agree. Relevant evidence tends to prove or disprove a material fact and is generally admissible unless excluded by law. See §§ 90.401, .402, Fla. Stat. (1997). The State argues that the evidence of the other drug transactions during the undercover operation was irrelevant. The Third District has disagreed.
In Porter v. State, 386 So.2d 1209 (Fla. 3d DCA 1980), the court rejected a relevancy argument by the State under similar circumstances.
The cross-examination upon which the defendant had embarked and which was thwarted by the trial court’s ruling was one designed to elicit that [Officer] Ta-vanis had, in the weeks surrounding the incident, made numerous undercover contacts and purchases of assorted contraband in situations similar to the present case; and that during the course of these activities she saw many persons for the first time and for limited periods of time. Such an examination, if permitted, could have effectively tested, and perhaps undermined, her ability to remember Porter as the person she dealt with ... and from whom, as she stated, she bought a quantity of heroin.
386 So.2d at 1213 (emphasis added). The Third District reversed the convictions, based in part on this error, recognizing that a defendant is entitled to full cross-examination of key State witnesses, especially when a positive identification is made under circumstances of questionable reliability. “[T]he identification of a suspect at a much later time by witnesses who have seen the actual criminal on only a few occasions and then only for short periods is fraught with dangers because of the fallibility and suggestibility of human memory.” 386 So.2d at 1213 (quoting United States v. Fitzpatrick, 437 F.2d 19, 23 (2d Cir.1970)).
We agree with the Third District’s analysis in Porter. Applied to this case, we conclude that the trial court erred by restricting cross-examination regarding undercover drug transactions before and after the transaction charged in this case. The seller’s identification was a material fact; the evidence was relevant to test the agent’s memory; and the need for cross-examination was heightened due to the lapse of time between the crime and the arrest. Because this was the only evidence that tied Cruz-Sanchez to the crime, and the defense theory challenged the accuracy of the agent’s identification of Cruz-Sanchez as the seller, the error was not harmless. Accordingly, we reverse.
Reversed and remanded for a new trial.
ALTENBERND, A.C.J., and FULMER, J., Concur.